**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ASHLEY HEARD (#706609)**                                   **CIVIL ACTION NO.**

**VERSUS**                                                               **21-569-BAJ-SDJ**

**FREDERICK BOUTTE**

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on September 4, 2024.

                                                             **SCOTT D. JOHNSON**
                                                             **UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ASHLEY HEARD (#706609)**                **CIVIL ACTION NO.**

**VERSUS**                                                **21-569-BAJ-SDJ**

**FREDERICK BOUTTE**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before this Court is a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Ashley Heard.[1] Because Petitioner's claims are untimely and not subject to tolling, it is recommended that her claims be denied and that this case be dismissed. There is no need for oral argument or for an evidentiary hearing.

### I. PROCEDURAL HISTORY

On September 11, 2013, Petitioner was indicted by a grand jury with one count of second-degree cruelty to a juvenile, a violation of La. R.S. 14:93.2.3, and one count of second-degree murder, a violation of La. R.S. 14:30.1.[2] Petitioner pled not guilty.[3] Following a jury trial before the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana during August 2015, Petitioner was found guilty as charged on both counts.[4] On December 1, 2015, the trial court sentenced Petitioner to serve forty years with the Louisiana Department of Corrections for the offense of second-degree cruelty to a juvenile.[5] For the offense of second-degree murder,

---

[1] R. Doc. 1.
[2] R. Doc. 1-14, p. 12.
[3] R. Doc. 6-1, p. 12
[4] R. Doc. 6-36, p. 28; R. Doc. 6-1, pp. 29-34.
[5] R. Doc. 6-36, p. 35.

the trial court sentenced Petitioner to life imprisonment at hard labor, without the benefit of parole, probation, or suspension of sentence.[6]

Petitioner then filed a direct appeal, urging there was insufficient evidence to prove the elements of second-degree cruelty to a juvenile.[7] The Louisiana Court of Appeal for the First Circuit affirmed the sentences and convictions on December 2, 2016.[8] The Louisiana Supreme Court denied Petitioner's application for supervisory writs on November 13, 2017.[9] Petitioner then took no further action until November 10, 2018, when she filed her application for state post-conviction relief.[10] The 19th JDC denied this application on August 7, 2020.[11] Thereafter, Petitioner sought supervisory review, and the First Circuit denied writs on November 9, 2020.[12] Petitioner's application for supervisory review was also denied by the Louisiana Supreme Court on April 27, 2021.[13] Petitioner filed the instant habeas Petition with this Court on October 1, 2021.[14]

Respondent, The State of Louisiana, answered Heard's Petition, asserting it was untimely filed under 28 U.S.C. §2244(d)(1)(a).[15]

---

[6] *Id.*
[7] R. Doc. 6-53, p. 14-35; *State v. Heard*, 2016-0809 (La. App. 1st Cir. 12/2/16), 208 So.3d 535.
[8] *Id.*
[9] *State v. Heard*, 2017-0293 (La. 11/13/2017), 229 So.3d 926 (Mem).
[10] R. Doc. 6-38, pp. 12-18. The "prison mailbox rule" was adopted by the Supreme Court in *Houston v. Lack*, 487 U.S. 266, 270-73 (1988). Accordingly, this Report uses the date the application for post-conviction relief was signed and dated as the date of filing, rather than the date the filing was received by the Court.
[11] R. Doc. 7-2, p. 57.
[12] R. Doc. 7-5, p. 106.
[13] R. Doc. 7-5, pp. 109-110. An application for reconsideration was not considered by the Louisiana Supreme Court. R. Doc. 7-5, p. 130. *See State v. Heard*, 2021-00252 (La. 9/27/2021), 323 So.3d 860 (Mem).
[14] In her brief in support of her Petition, Petitioner asserts she filed her habeas petition timely "on or before September 30, 2021." R. Doc. 1-1, p. 13. The petition was signed but not dated by Heard. The envelope in which the petition was mailed to this Court bears a private postage meter date stamp of October 1, 2021. Under the "prison mailbox rule," a pleading filed by a prisoner acting *pro se* is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing rather than the date it is received by the court. *Cooper v. Brookshire,* 70 F.3d 377, 379 (5th Cir.1995). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing. *See Punch v. State,* 1999 WL 562729, *2 n. 3 (E.D.La.1999). Here, because the Petition was not dated, the private postage meter date stamp is used as the presumed date on which Heard delivered her Petition to prison officials for the purpose of calculating time delays.
[15] R. Doc. 8, p. 3; R. Doc. 9, pp-6-10.

2

## II.    LAW AND ANALYSIS

### A.    THE PETITION IS UNTIMELY

The Court addresses first whether Heard's Petition was timely filed. Pursuant to 28 U.S.C. § 2244(d)(1)(A), a one-year statutory limitations period applies to federal habeas corpus claims brought by prisoners in state custody. This period begins to run on the date the state court judgment became final by the conclusion of direct review or the expiration of time for seeking such review.[16] After a petitioner has proceeded through all stages of direct appellate review in the state courts, the period of direct review also includes the petitioner's right to seek discretionary review before the United States Supreme Court. As a result, after a ruling by the state's highest court on direct appeal, a petitioner's judgment becomes final when the United States Supreme Court issues a decision denying discretionary review or, if no application for review is filed, at the conclusion of the ninety-day period for seeking review at the Supreme Court.[17]

The statute additionally provides that the time during which a "properly filed application" for state post-conviction or other collateral review is thereafter "pending" in the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitation period.[18] However, the time during which there are no properly filed post-conviction or other collateral review proceedings pending does count toward calculation of the one-year

---

[16] 28 U.S.C. §2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 137, and 150 (2012).
[17] *Prater v. Vannoy*, No. CV 19-576, 2022 WL 3333551, at *2 (M.D. La. July 5, 2022), *report and recommendation adopted,* No. CV 19-576, 2022 WL 3330943 (M.D. La. Aug. 11, 2022), *aff'd sub nom. Prater v. Hooper*, No. 22-30569, 2023 WL 2987571 (5th Cir. Apr. 18, 2023). United States Supreme Court Rule 13(1) provides, in pertinent part, as follows:
> A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.

[18] 28 U.S.C. § 2244(d)(2).

3

limitations period.[19] A properly-filed state application, however, is considered to be "pending" both while it is before a state court for review and also during the interval after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state court consideration.[20]

Here, Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court. Thus, Petitioner's direct appeal became final ninety days after the Louisiana Supreme Court's November 13, 2017 denial of her writ application; that ninety-day period ended on Monday, February 12, 2018.[21] Thus Petitioner's AEDPA one-year statutory limitations period began to run the next day, February 13, 2018, and continued for a total of 270 days until it was interrupted on November 10, 2018, when Petitioner filed her state court application for post-conviction relief. This left 95 days remaining in the one-year limitations period. Petitioner's state post-conviction application remained pending from its filing through April 27, 2021, when the Louisiana Supreme Court denied her related writ application.[22] The AEDPA one-year limitations

---

[19] *Herrington v. Kent*, No. 20-265, 2023 WL 5663224, at *2 (M.D. La. July 31, 2023*); report and recommendation adopted*, 2023 WL 5663144, *1 (M.D. La. Aug. 30, 2023). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against Section 2244(d)(1)(A)'s one-year limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 8/9/1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998).
[20] *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).
[21] Ninety days after November 13, 2017 fell on Sunday, February 11, 2018. Louisiana Code of Civil Procedure article 5059 provides, in pertinent part, "The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday." Under Louisiana law, Sundays are legal holidays. La. R.S. 1:55. Here, the last day that Petitioner could have timely filed a petition for a writ of certiorari to review the Louisiana Supreme Court writ denial was Monday, February 12, 2018.
[22] Petitioner claims she received the Supreme Court's writ denial action on April 29, 2021, and that her motion for reconsideration was timely filed within fourteen days by placing the motion in the mail on or before May 12, 2021. (R. Doc. 7-5, p 116.) This filing has no bearing on the AEDPA timeliness calculation since the post-conviction relief proceedings were final when the Supreme Court issued its writ denial on April 27, 2021. The Fifth Circuit has routinely considered post-conviction relief proceedings to be final on the date of denial of supervisory review in the Louisiana Supreme Court, not 14 days thereafter. *Bennett v. Cain*, No. 10-0131, 2010 WL 5490602, at * 2, n.2 (M.D. La. Nov. 29, 2010); *citing Melancon,* 259 F.3d 401 (5th Cir. 2001) (tolling period ended on the date of the writ denial); *Hall v. Cain,* 216 F.3d 518 (5th Cir.2000) (post-conviction application ceased to be pending on the date of the Louisiana Supreme Court writ application denial); *Lemons v. Cain,* 2010 WL 3909250 (W.D. La., Oct. 1, 2010) (same), and *Allen v. Wilkinson,* 2009 WL 1033596 (W.D. La., April 14, 2009) (finding that although Louisiana Code of Civil Procedure article 922 "provides that a judgment on direct appeal becomes final when the delay ... for applying for a rehearing has expired .... the Louisiana Code of Criminal Procedure provides no such provision for applications for post-conviction relief.").

period was thus tolled during this period, but it began to run again on April 28, 2021, and expired 95 days later on August 2, 2021.[23] Petitioner's habeas petition was filed on October 1, 2021, 60 days after the AEDPA one-year limitations period had expired.[24]

## B. PETITIONER IS NOT ENTITLED TO STATUTORY OR EQUITABLE TOLLING

Having found Petitioner's application to be untimely, this Court must dismiss her application pursuant to 28 U.S.C. § 2244(d), unless Petitioner can establish either she is entitled to statutory tolling of the limitations period under § 2244(d)(1)(B) because there was a state-created impediment to timely filing or that she is entitled to equitable tolling.[25] To establish entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), Petitioner must show that some state action, in violation of the Constitution or federal law, prevented her from filing a timely petition.[26] Petitioner has made no such claim or showing in this case. Accordingly, there is no legal or factual basis in the record to support a finding that Petitioner is entitled to statutory tolling.

Nor is there any basis in the record for equitable tolling. Petitioner has the burden to demonstrate that equitable tolling is warranted.[27] In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances."[28] The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."[29]

---

[23] Ninety-five days later was technically Sunday, August 1, 2021. Again, because the last day of the statutory limitations period fell on a legal holiday, Sunday, the period ran until the end of the next day, Monday, August 2, 2021.
[24] Even if Petitioner's purported filing date of September 30, 2021, were accepted, that filing date would also have been after the one-year limitations period had expired.
[25] *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003); *Fleming v. Vannoy*, No. 20-834, 2022 WL 17543717, at *2 (M.D. La. Nov. 4, 2022); *report and recommendation adopted*, 2022 WL 17543687, at *1 (M.D. La. Dec. 8, 2022). Additionally, Petitioner does not invoke a newly recognized constitutional right or newly discovered facts. 28 U.S. 2244(d)(1)(C) and (D).
[26] *Id*.; *See Egerton*, 334 F.3d at 436.
[27] *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).
[28] *Id*.
[29] *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996); *Herrington*, 2023 WL 5663224, at *3.

"A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."[30]

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.[31] Equitable tolling "is not intended for those who sleep on their rights."[32] Thus, a federal habeas petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction relief proceedings and after the denial thereof by the state appellate courts.[33]

Here, in Petitioner's brief in support of her petition for habeas corpus relief, she generally alludes to the August 2016 flood that occurred within the year following her conviction, asserting this event required the evacuation of inmates from the institution where she was imprisoned and that "institutions did not have access to the courts as there was no law library or mail creating tolling for several months due to the flooding."[34] Petitioner urges she "has not received a … copy of the transcript or any of the files needed to prepare her post-conviction relief memorandum."[35] Yet in advancing these arguments, she does not contend specifically how these events precluded her from timely filing her habeas petition. With respect to Petitioner's access to her appeal record, she acknowledged in a "Motion to Produce Records" filed with the 19th JDC that the trial transcripts had already been prepared at the time of the 2016 flooding.[36] In December 2016,

---

[30] *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).
[31] *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005).
[32] *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).
[33] *Herrington*, 2023 WL 5663224, at * 3, citing *Ramos v. Director, TDCJ-CID*, Nos. 09-463, 09-477, 2010 WL 774986, at *4 (E.D. Tex. Mar. 1, 2010).
[34] R. Doc. 1-1, p. 12.
[35] R. Doc. 1-1, p. 25.
[36] R. Doc. 6-54, p. 23. This motion for production of transcripts was denied for failure to show a "valid particularized need." R. Doc. 6-54, pp. 31-32. The April 13, 2018 order explained, in pertinent part:

Petitioner also mailed a letter to the Clerk of Court of the 19th JDC requesting that he mail her "exhibits, legal documents and the appeals filed."[37] Thus, Petitioner's arguments relate directly to her purported inability to access the documents referenced. Despite this alleged inability, Petitioner timely filed her direct appeal filings and post-conviction relief filings. At this juncture, she has not specifically alleged how the 2016 flood impacted the timing of her habeas filing.

A habeas corpus petitioner is not entitled to an extended delay while he gathers evidence that might support his claim.[38] Thus, an inmate's lack of access to state court records does not typically present an "exceptional circumstance that would warrant equitable tolling.[39] Petitioner's arguments are unclear as to what information she was missing, for which period of time, and how that might have affected her specific ability to timely file her habeas proceeding. Further, Petitioner has not demonstrated diligence in pursuing habeas relief. She offers no details regarding why she waited approximately nine months after her conviction had become final to seek postconviction relief and, likewise, she offers no excuse for why she squandered the remaining 95 days of her

---

> As an indigent inmate, defendant is entitled to receive certain court documents, such as his guilty plea[,] transcript, the bill of information or indictment, commitment papers, court minutes for various portions of the trial, and minutes of his sentencing, free of charge without the necessity of establishing a particularized need. For all other documents, the inmate is required to establish a particularized need by **properly filing an application for postconviction relief**, which sets out specific claims of constitutional errors requiring the requested documentation for support.
>
> Defendant may request a copy of certain public records under the Public Records Act, La. R.S. 44:3, et seq. without showing a particularized need; however, this request must be directed to the custodian of the records. Furthermore, the defendant should be prepared to pay the regular service fees for those documents.
>
> [Bolding in original; citations omitted.]

[37] R. Doc. 6-54, p. 25
[38] See *Flanagan*, 154 F.3d at 199.
[39] See *Roughley v. Cockrell*, No. 01-11378, 2002 WL 1899622, at *1 (5th Cir. July 12, 2002) (rejecting a claim for equitable tolling based on an inmate's unfulfilled request for state court records); *Tiner v. Treon*, 232 F.3d 210, 210 (5th Cir. 2000) (holding allegations that the State, the district attorney, and his attorney on direct appeal would not provide inmate a copy of his state records did not constitute rare and exceptional circumstances warranting equitable tolling); *Cofer v. Johnson*, No. 99-40878, 2000 WL 1029201, at *1 (5th Cir. July 14, 2000) (rejecting a claim for equitable tolling based on delay in receiving a copy of state court records); *Kiser v. Dretke*, No. 04-494, 2004 WL 2331592, at *2 (N.D. Tex. Oct. 15, 2004) ("Difficulty obtaining records and lack of money to pay for copies are common problems among inmates who are trying to pursue post-conviction habeas relief and, thus, do not present exceptional circumstances that warrant equitable tolling.").

statutory limitations period for seeking federal habeas corpus relief. When she finally filed her pleading 60 days after the statutory limitations had expired, she did not link this late filing to any particular delay in receiving documentation needed to advance her claims. Rather, Petitioner asserts her claim was timely filed. It is well settled in the Fifth Circuit that equitable tolling is not warranted merely because a petitioner proceeds *pro se* and is not well-versed in the law. "[I]gnorance of the law or of statutes of limitations is insufficient to warrant tolling."[40]

Without making an express tolling argument, Petitioner also generally references that the inmate's "dormitories were quarantined due to [an] outbreak of COVID-19 resulting in complete closures within the institutional setting."[41] She states this happened within a week of receiving the First Circuit's denial of her supervisory writ application regarding her post-conviction relief during November 2020.[42] Petitioner fails, however, to identify a specific duration of dates that her housing unit was locked down because of COVID-19 and how that adversely affected her ability to file her habeas petition prior to August 2, 2021. Further, Courts have repeatedly found that prison lockdowns, including COVID-related lockdowns, that occur during the one-year limitations period are not rare and exceptional circumstances that would justify equitable tolling.[43] Petitioner has not demonstrated diligence or exceptional circumstances warranting equitable tolling.

---

[40] *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000).
[41] R. Doc. 1-1, p. 13.
[42] *Id*.
[43] *Woods v. Dir., TDCJ-CID*, No. 21-00209, 2022 WL 16836611, at *2 (E.D. Tex. Nov. 9, 2022), *certificate of appealability denied sub nom. Woods v. Lumpkin*, No. 23-40106, 2023 WL 5287664 (5th Cir. Aug. 3, 2023). Also s*ee Collins v. United States*, Nos. 21-00041 and 18-091(5), 2022 WL 3593056, at *6 (W.D. Tex. Aug. 22, 2022) ("the Covid-19 pandemic and the restrictions on petitioner's library access are insufficient to warrant equitable tolling."); *United States v. Pizarro*, No. 16-63, 2021 WL 76405, at *2 (E.D. La. Jan. 8, 2021) (finding that a COVID-19 lockdown did not justify equitable tolling as it did not actually prevent the petitioner filing his habeas petition); *Coppin v. United States*, 15-3869 and 10-345, 2018 WL 1122175, at *4 (N.D. Tex. Mar. 1, 2018) (finding a series of lockdowns did not constitute an extraordinary circumstance that prevented the movant from filing a Section 2255 motion); *see also Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (finding that ignorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library were are not extraordinary circumstances sufficient to warrant equitable tolling).

Because Petitioner filed her federal petition beyond the AEDPA limitations deadline and fails to show she is entitled to statutory or equitable tolling, her claims should be denied, and this proceeding should be dismissed as untimely.

### III. CERTIFICATE OF APPEALABILITY

Should Petitioner seek to appeal, a certificate of appealability should be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[44] Although Petitioner has not yet filed a Notice of Appeal, the Court may address whether she would be entitled to a certificate of appealability.[45] A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[46] In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[47] Here, reasonable jurists would not debate the denial of Petitioner's habeas application or the correctness of the procedural ruling. Accordingly, if Petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

---

[44] 28 U.S.C. § 2253(c)(1)(A).
[45] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[46] 28 U.S.C. § 2253(c)(2).
[47] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006).

## IV. RECOMMENDATION

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus by a Prisoner in State Custody filed by Petitioner Ashley Heard be **DENIED** and that this proceeding be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, if Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on September 4, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**